# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Joe Frazier** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Inez F. Frazier** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number (If known) | **19-20796** | | |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan:
   ☑ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan:
   ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☐ does not value claim(s) that secures collateral.

   (c) This plan:
   ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$1,510.00** for the applicable commitment period of:

   ☐ 60 months: **or**

   ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☐ Debtor 1 ____% ☐ Debtor 2 ____%

   ☑ Direct to the Trustee for the following reason(s):
   ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   _____

   (c) Additional Payments of **$0.00** (estimated amount) will be made on _____,_____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Joe Frazier | | Case number | |
| | Inez F. Frazier | | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| HOME POINT FINANCIAL CORPORATION | 500 Frazier Road Waverly, GA 31565 | yes | Debtor | Dec. 2019 | regular monthly payment |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| HOME POINT FINANCIAL CORPORATION | 500 Frazier Road Waverly, GA 31565 | yes | 2,603.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| ALLY FINANCIAL | 2016 Cadillac XTS Luxury V6 64000 miles purchased July 2016 | 19,500.00 | 5.00% | $375.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____ % per annum; or ☑ without interest:

| Debtor | Joe Frazier | Case number | |
| --- | --- | --- | --- |
| | Inez F. Frazier | | |

**None**

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a % dividend or a pro rata share of $**2000**, whichever is greater **OR SUCH AMOUNT AS MAY BE PAID IN A 36 MONTH PLAN**

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
| --- | --- | --- | --- | --- |
| Graceland Properties | Storage Building | ASSUMED | regular monthly payments | Debtors |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
| --- | --- |
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
| --- | --- |
| ALLY FINANCIAL | 100.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
| --- | --- |
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
| --- | --- | --- |
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
| --- | --- | --- |
| Hilton Resorts Corporation | TimeShare | full amount of claim and debt |
| ORANGE LAKE RESORTS | TIMESHARE | full amount of claim and debt |
| ORANGE LAKE RESORTS | TIMESHARE | full amount of claim and debt |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after

| Debtor | Joe Frazier | Case number | |
|---|---|---|---|
| | Inez F. Frazier | | |

notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

a. Adequate protection payments under paragraph 6 will be paid for six months, or until confirmation, whichever is later; thereafter, the payments set forth in paragraph 4 will begin. The payments listed under paragraph 4 are estimated based on currently available information and will be adjusted as needed at confirmation. After adequate protection payments, administrative priority claim will be paid prorata with secured claims until all administrative claims are paid in full. In addition, to the extent any pre-petition lease claim is filed, it will be paid prorata with administrative priority claims, including attorney's fees.

b. All debts scheduled or listed in the bankruptcy filings, whether or not listed in the plan, shall be discharged upon completion of the plan except debts that are specifically listed as long term debts by the debtor(s) under paragraph 3 of the plan or non-dischargeable student loans. In the event stay relief is granted as to any long term debt, such debt shall also be discharged upon completion of the plan.

c. Debtor(s) proposes to pay filing fees DIRECT TO THE BANKRUPTCY COURT.

d. Any secured claims that are filed in the within case that are not provided for by the plan will be paid after all administrative claims, included attorney's fees, and all provided for secured claims with an interest rate of 3.25 percent.

e. To the extent that Debtor(s) has/have student loans, such loans will not be discharged in the within case including any interest that may accrue related to said debt.

f. To the extent the within plan includes any secured lien, including liens on car titles, such creditor holding such lien shall immediately release same, including without limitation, marking any lien listed on a vehicle title as satisfied, and forward such title or other executed lien release to Debtor(s) upon the granting of a discharge in the within case.

g. To the extent any creditor files a claim in the within case, service pursuant to Rule 7004, to the extent same may be required, shall be deemed waived.

h. All correspondence related to any long term mortgage, deed to secure debt, or other claim secured by Debtor(s) principal residence must be copied to Debtor(s). Notice sent c/o to the undersigned lawyer will be deemed deficient notice.

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: January 10th, 2020

/s/Joe Frazier
Joe Frazier
*Debtor 1*

/s/Inez F. Frazier
Inez F. Frazier
*Debtor 2*

/s/R. Flay Cabiness
R. Flay Cabiness 002689
*Attorney for the Debtor(s)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: JOE FRAZIER<br>INEZ E FRAZIER | CASE NO: 19-20796<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 1/10/2020, I did cause a copy of the following documents, described below,

Amended Chapter 13 Plan Before Confirmation

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 1/10/2020

/s/ R. Flay Cabiness
R. Flay Cabiness  002689
R. FLAY CABINESS, II, PC/THE BANKRUPTCY GROUP
2225 Gloucester St.
Brunswick, GA  31520-0000
912 554 3774

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:  JOE FRAZIER<br>        INEZ E FRAZIER | CASE NO: 19-20796<br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 1/10/2020, a copy of the following documents, described below,

Amended Chapter 13 Plan Before Confirmation

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 1/10/2020

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
R. Flay Cabiness
R. FLAY CABINESS, II, PC/THE BANKRUPTCY GROUP
2225 Gloucester St.
Brunswick, GA  31520-0000

```
PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO                         ADT SECURITY SERVICES INC            ALLY FINANCIAL
 LABEL MATRIX FOR LOCAL NOTICING   ADT HOME DEFENSE SECURITY MONITORING  ATTN OFFICER MANAGING OR GENERAL AGENT
113J2                             1 TOWN CENTER ROAD                   PO BOX 380901
CASE 19-20796-MJK                 BOCA RATON FL 33486-1039             BLOOMINGTON MN 55438-0901
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK
FRI JAN 10 13-06-12 EST 2020



ALLY FINANCIAL INC                ALLY FINANCIAL INC                   ALLY FINANCIAL INC
ATTN CT CORPORATION               ATTN OFFICER MANAGING OR GENERAL AGENT ATTN OFFICER MANAGING OR GENERAL AGENT
289 S CULVER STREET               440 S CHURCH STREET                  500 WOODWARD AVENUE
LAWRENCEVILLE GA 30046-4805       CHARLOTTE NC 28202-2075              DETROIT MI 48226-3416




AMEX                              AMERICAN EXPRESS NATIONAL BANK       AQUA FINANCE INC
CORRESPONDENCEBANKRUPTCY          CO BECKET AND LEE LLP                ONE CORPORATE DRIVE SUITE 300
PO BOX 981540                     PO BOX 3001                          WAUSAU WI 54401-1724
EL PASO TX 79998-1540             MALVERN PA 19355-0701




BANK OF AMERICA                   BAY FINANCE                          CAPITAL ONE
4909 SAVARESE CIRCLE              ATTN BANKRUPTCY                      ATTN BANKRUPTCY
FL1-908-01-50                     PO BOX 844                           PO BOX 30285
TAMPA FL 33634-2413               WAUSAU WI 54402-0844                 SALT LAKE CITY UT 84130-0285




CITIBANKBEST BUY                  COMENITY BANKLANE BRYANT             COMENITY BANKMAURICES
ATTN BANKRUPTCY                   ATTN BANKRUPTCY                      ATTN BANKRUPTCY
PO BOX 790441                     PO BOX 182125                        PO BOX 182125
ST LOUIS MO 63179-0441            COLUMBUS OH 43218-2125               COLUMBUS OH 43218-2125




EXCLUDE                           CAPITAL ONE BANK USA NA              CAPITAL ONE NA
                                  4515 N SANTA FE AVE                  4515 N SANTA FE AVE
R FLAY CADINESS                   OKLAHOMA CITY OK 73118-7901          OKLAHOMA CITY OK 73118-7901
BANKRUPTCY GROUP LLC
2225 GLOUCESTER STREET
BRUNSWICK GA 31520-6912




DILLARDS CARD SERVICESWELLS FARGO BANK  DISCOVER FINANCIAL SERVICES LLC  DISCOVER BANK
ATTN BANKRUPTCY                   PO BOX 3025                          DISCOVER PRODUCTS INC
PO BOX 10347                      NEW ALBANY OH 43054-3025             PO BOX 3025
DES MOINES IA 50306-0347                                               NEW ALBANY OH 43054-3025




FORTIVA                           INEZ E FRAZIER                       DEBTOR
ATTN BANKRUPTCY                   500 FRAZIER ROAD
PO BOX 105555                     WAVERLY GA 31565-2919                JOE FRAZIER
ATLANTA GA 30348-5555                                                  500 FRAZIER ROAD
                                                                       WAVERLY GA 31565-2919




GRACELAND RENTALS LLC             GRACELAND RENTALS LLC                GRACELAND RENTALS LLC
ATTN C T CORPORATION SYSTEM       ATTN OFFICER MANAGING OR GENERAL AGENT ATTN OFFICER MANAGING OR GENERAL AGENT
289 S CULVER ST                   289 S CULVER ST                      PO BOX 665
LAWRENCEVILLE GA 30046-4805       LAWRENCEVILLE GA 30046-4805          CUNNINGHAM KY 42035-0665
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

HOME POINT FINANCIAL CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT
11511 LUNA ROAD SUITE 200
FARMERS BRANCH TX 75234-6451

HILTON RESORTS CORPORATION
ATTN CORPORATION SERVICE COMPANY
40 TECHNOLOGY PKWY SOUTH 300
NORCROSS GA 30092-2924

HILTON RESORTS CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT
40 TECHNOLOGY PKWY SOUTH 300
NORCROSS GA 30092-2924

HILTON RESORTS CORPORATION
ATTN OFFICER MANAGING OR GENERAL AGENT
6355 METROWEST BLVD SUITE 120
ORLANDO FL 32835-7606

HOME POINT FINANCIAL CORPORATION
394 WARDS CORNER ROAD SUITE 180
LOVELAND OH 45140-8362

HOME POINT FINANCIAL CORPORATION
CO D ANTHONY SOTTILE AUTHORIZED AGENT
394 WARDS CORNER ROAD SUITE 180
LOVELAND OH 45140-8362

DEBTOR
JOE FRAZIER
INEZ E FRAZIER
500 FRAZIER ROAD
WAVERLY GA 31565-2919

M ELAINA MASSEY
POST OFFICE BOX 1717
BRUNSWICK GA 31521-1717

ORANGE LAKE RESORTS
ATTN OFFICER MANAGING OR GENERAL AGENT
9271 SOUTH JOHN YOUNG PARKWAY
ORLANDO FL 32819-8607

OFFICE OF THE U S TRUSTEE
JOHNSON SQUARE BUSINESS CENTER
2 EAST BRYAN STREET STE 725
SAVANNAH GA 31401-2638

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

EXCLUDE
R PLAY CABINESS
R PLAY CABINESS II PCTHE BANKRUPTCY
2225 GLOUCESTER ST
BRUNSWICK GA 31520-6912

RENOVATE
PO BOX 731
MAHWAH NJ 07430-0731

SYNCHRONY BANK BELK
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANK JC PENNEYS
ATTN BANKRUPTCY
PO BOX 956060
ORLANDO FL 32896-0001

SYNCHRONY BANKGAP
ATTN BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANKSAMS
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONYASHLEY FURNITURE HOMESTORE
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANK
CO PRA RECEIVABLES MANAGEMENT LLC
PO BOX 41021
NORFOLK VA 23541-1021

SYNCHRONY BANK CO PRA RECEIVABLES
MANAGEMEN
PO BOX 41021
NORFOLK VA 23541-1021

TARGET
ATTN BANKRUPTCY
PO BOX 9475
MINNEAPOLIS MN 55440-9475

TD BANK USA NA
C O WEINSTEIN  RILEY PS
2001 WESTERN AVENUE STE 400
SEATTLE WA 98121-3132

TD RETAIL CARD SERVICES
CO CREDITORS BANKRUPTCY SERVICE
PO BOX 800849
DALLAS TX 75380-0849

TDRCSASHLEY HOMESTORRENOVATE
1000 MACARTHUR BLVD
MAHWAH NJ 07430-2035